**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM JOHN CLARK,**

**Petitioner,**

**v.**                                                    **CIVIL ACTION NO. 2:08 CV 118**
                                                         **CRIMINAL ACTION NO. 2:05 CR 44**
                                                         **CRIMINAL ACTION NO. 2:05CR 47**

**UNITED STATES OF AMERICA,**

**Respondent.**

## ORDER

On December 3, 2008, Petitioner William John Clark, proceeding *pro se*, filed a

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in

Federal Custody.   This case was referred to United States Magistrate Judge John S. Kaull

for preliminary review and report and recommendation in accordance with Rules 83.01, *et*

*seq.*, of the Local Rules of Prisoner Litigation Procedure and Standing Order No. 4.

By Order entered December 4, 2008, Magistrate Judge Kaull indicated that his

preliminary review of the petitioner's § 2255 Motion had revealed that summary dismissal

of the same was not appropriate.  Accordingly, Magistrate Judge Kaull's December 4, 2008,

Order directed the respondent to file an Answer to the petitioner's § 2255 Motion.  The

Response of the United States to Petitioner's Motion Made Pursuant Title 28, United States

Code, Section 2255 was filed on January 4, 2009.

On July 14, 2010, Magistrate Judge Kaull issued an Opinion/Report and

Recommendation ("R&R") wherein he recommended that the petitioner's Motion to Vacate,

Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 be denied and dismissed with prejudice from the active docket of this Court. Specifically, Magistrate Judge Kaull found that, with regard to the petitioner's first ground for relief, namely that counsel was ineffective when he failed to object to the Presentence Report, the petitioner had provided no evidence to demonstrate that his counsel failed to properly object to the Presentence Report or that he otherwise performed below a reasonable standard.

In his second ground for relief, the petitioner alleges that the District Court failed to comply with Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure by failing to verify that the petitioner had reviewed the contents of the Presentence Report with his attorney. With regard to the petitioner's second ground for relief, Magistrate Judge Kaull found that the record reflected that the Court had verified that the petitioner's counsel had reviewed the Presentence Report with him and that the petitioner had not provided any facts that contradicted the record.

In his third ground for relief, the petitioner alleges that his right to effective counsel was infringed upon both at sentencing and during the change of plea hearing. With regard to the sentencing hearing, the petitioner alleges that his counsel was not present during the presentence interview. With regard to the plea hearing, the petitioner alleges that he was not provided with a copy of the Presentence Report prior to or during the plea hearing; that the plea agreement was neither discussed with him nor provided to him; and that he was coerced into signing the plea agreement.

With regard to the petitioner's claim that he was deprived of the right to effective assistance of counsel at the sentencing hearing, Magistrate Judge Kaull found that Rule

32(c)(2) of the Federal Rules of Criminal Procedure requires that a probation officer provide notice and reasonable opportunity for an attorney to attend the presentence interview only if the defendant being interviewed requests that his attorney be present and that the petitioner had provided no evidence that he made such a request to the probation officer.

With regard to the petitioner's claim that he was deprived of the right to effective assistance of counsel during the change of plea hearing, Magistrate Judge Kaull found, first, that because a Presentence Report is not prepared until after a change of plea, there was no way that the petitioner could have been provided with a copy of the same prior to signing the plea agreement.  Second, Magistrate Judge Kaull found that the record in this matter shows that, during the Rule 11 hearing, the petitioner's attorney confirmed that he had gone over the details of the plea agreement with the petitioner; and the petitioner had advised the Court that he was satisfied with his counsel's performance and that he could not think of anything that his counsel should have done that was not done; that the petitioner had provided no additional evidence to support his contention that his counsel had failed to review the plea agreement with him prior to his signing of the same; and that, assuming *arguendo* that the petitioner's counsel had failed to go over the plea agreement with him, said failure was corrected during the plea hearing when the plea agreement was read in open court; the petitioner was given the opportunity to, and did, ask questions and discuss the plea with his attorney; and the petitioner affirmed on the record that he understood the plea agreement.   Third, Magistrate Judge Kaull found that the petitioner's contention that he had been coerced into signing the plea agreement failed in light of the

fact that there was no evidence on the record to support said contention. In this regard, Magistrate Judge Kaull noted that the record herein reflects that the petitioner stated that his plea was made freely and without coercion; that the petitioner stated that he was satisfied with the representation of his attorney; and that, at no time during his allocution, did the petitioner advise the Court that he had been coerced into signing the plea agreement.

With regard to the petitioner's fourth ground for relief, namely, that the District Court had failed to comply with Rule 32(h) of the Federal Rules of Criminal Procedure by providing notice that it planned on departing from the Sentencing Guidelines, Magistrate Judge Kaull found that the Court was under no obligation to put the petitioner on notice that it planned to depart since the Presentence Report included a recommendation for an upward departure from the applicable Sentencing Guideline range.

Finally, in the petitioner's fifth ground for relief, he contends that the respondent should be sanctioned for violating Rule 11 of the Federal Rules of Civil Procedure by not properly signing its response brief and for failing to timely provide him with a copy. With regard to the petitioner's fifth ground for relief, Magistrate Judge Kaull advised the petitioner that the string "/s/" followed by the signer's typed name was sufficient as a "signature" for the purposes of filing electronic documents in this Court; found that all of the other pertinent information required by Rule 11(a) of the Federal Rules of Civil Procedure were present; found that the respondent had timely filed its response on January 5, 2009; and found that there was no merit to the petitioner's claim that the respondent had improperly cited to the record.

In his R & R, Magistrate Judge Kaull provided the parties with fourteen (14) days from the date they were served with a copy of the same in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon the R & R.

The United States' Response to Opinion/Report and Recommendation was filed on July 16, 2010, and advises the Court that the respondent has no objections to Magistrate Judge Kaull's July 14, 2010, R & R. Additionally, the Court's review of the docket in the above-styled *habeas corpus* action reveals that two separate documents styled "Appealing the Opinion/Report and Recommendation of the Respondent, the United States of America" were filed herein by the petitioner on July 30, 2010 (Doc. 71 and Doc. 72). Based on its careful review of these documents, it appears to the Court that the body of these two documents are the same, but that the document filed as Docket Entry Number 72 contains more attachments.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). The Court has conducted a *de novo* review only as to the portions of the R & R to which the petitioner objected. The remaining portions of the R & R to which the petitioner has not objected have been reviewed for clear error.

Based upon its review, this Court is of the opinion that Magistrate Judge Kaull's R

& R accurately reflects the law applicable in this case. Further, upon consideration of the petitioner's objections to Magistrate Judge Kaull's R & R, it appears to the Court that, while the petitioner has objected to each of the findings made by Magistrate Judge Kaull in his R & R, he has not raised any issues in support of his objections that were not previously raised in his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and that were not thoroughly considered by Magistrate Judge Kaull in the R & R. Accordingly, it is

**ORDERED** that the Opinion/Report and Recommendation entered by United States Magistrate Judge Kaull in the above-styled *habeas corpus* action on July 14, 2010 (Doc. 67 in 2:05 CR 49; Doc. 174 in 2:05 CR 44; and Doc. 4 in 2:08 CV 118), be, and the same is hereby, **ADOPTED**, and that the petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 144 in 2:05 CR 44 and Doc. 1 in 2:08 CV 118) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the above-styled *habeas corpus* action be, and the same is hereby, **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of the Court. It is further

**ORDERED** that, should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma*

*pauperis* from the United States Court of Appeals for the Fourth Circuit. It is further

**ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability, as the petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); ***Miller-El v. Cockrell***, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong (*citing* **Slack v. McDaniel**, 529 U.S. 473, 484 (2000)).

The Clerk of Court is directed to transmit copies of this Order to the *pro se* petitioner and to counsel of record herein.

**DATED**: November 17, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE